■ GARY KNEISS et al., Appellants, v MARY M. RIPPER, Respondent.—Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Gossel, J. (Appeal from Order of Supreme Court, Erie County, Gossel, J.— Summary Judgment.) Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.

■ SUPERIOR FIREPROOF DOOR, INC., Appellant, v BUFFALO SAVINGS BANK, Formerly Known as GOLDOME BANK FOR SAVINGS, et al., Respondents.—Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting the motion of defendants John W. Cowper Company, Inc. (Cowper) and Buffalo Savings Bank for summary judgment dismissing plaintiff's complaint to foreclose a mechanic's lien. Defendants failed to submit proof in admissible form sufficient to demonstrate their entitlement to summary judgment as a matter of law. In addition to an attorney's affidavit, defendants submitted the affidavit of Cowper's secretary-treasurer, who stated that he had been informed by counsel that plaintiff, a third-tier materialman, is not entitled to the protection of section 3 of the Lien Law *(see, A & J Buyers v Johnson, Drake & Piper,* 25 NY2d 265).

Defendants, however, submitted no evidence to prove that Lerch-Hubbell Corp. was merely a materialman and not a subcontractor as well. Thus, we cannot conclude, as a matter of law, that plaintiff is not entitled to the protection of the Lien Law. Moreover, from our review of the record, we determine that questions of fact exist concerning whether plaintiff supplied materials to the project at the request of or with the consent of Cowper, the general contractor. Finally, we conclude that Supreme Court properly denied plaintiff's cross motion for summary judgment. (Appeal from Order and Judgment of Supreme Court, Erie County, Flaherty, J.—Summary Judgment. Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.